UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA CORCORAN,

        Plaintiff,

AMERISURE MUTUAL INSURANCE CO.

        Involuntary Plaintiff

          Case No. 23-cv-0387-bhl

  v.

BEST BUY STORES, L.P. and GREENWICH
INSURANCE COMPANY,

        Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

        On March 1, 2023, Plaintiff Patricia Corcoran filed this suit against Defendants Best Buy Co., Inc. (Best Buy) and Greenwich Insurance Company (Greenwich) in Kenosha County Circuit Court, alleging she was injured while working as an independent contractor at a Best Buy store in Kenosha, Wisconsin. (ECF No. 1-2.) Corcoran asserts claims against Best Buy for a violation of the Wisconsin Safe Place Statute, Wis. Stat. § 101.11, and negligence. She also asserts claims against Best Buy's insurer, Greenwich, under Wisconsin's Direct Action Statute, Wis. Stat. § 632.24, and names her own insurance company, Amerisure Mutual Insurance Company, as an involuntary plaintiff. Best Buy removed the case to this Court on March 24, 2023, and now seeks summary judgment on Corcoran's negligence and Safe Place Statute claims. Because the facts are disputed, Best Buy's motion will be denied.

# BACKGROUND[1]

Plaintiff Patricia Corcoran is an adult citizen of Wisconsin. (ECF No. 34 ¶1.) Defendant Best Buy is a foreign limited partnership that is organized in Minnesota and has stores nationwide, including in Wisconsin. (*Id.* ¶¶2–3.) In early 2021, Corcoran worked for BDS Marketing, visiting various stores like Target, Home Depot, Walmart, and Best Buy to fix and assemble advertisement displays. (*Id.* ¶¶5–7.) If a display was not functioning properly, Corcoran would report the issue, attempt to fix it, and if needed, order required parts. (*Id.* ¶8.)

On February 1, 2021, Corcoran was working on a Nintendo display at a Best Buy in Kenosha, Wisconsin. (*Id.* ¶9.) Corcoran took out the "light box" and put in a new advertisement. (*Id.* ¶10.) Corcoran completed her work on the display and then walked to the store's warehouse to throw away the project's refuse. (*Id.* ¶11.) She carried two boxes of garbage to the back of the warehouse, and "asked the kid in the back" where to throw it away. (*Id.* ¶¶12–13.) According to Corcoran, the "kid" (a Best Buy Employee) responded that the garbage goes in a certain corner of the warehouse and pointed Corcoran in its direction. (*Id.* ¶14.) Corcoran responded that there wasn't a "clear way" to the corner, and the employee then "pushed things aside." (*Id.* ¶¶15–16.) Corcoran walked towards the corner to throw away her garbage, stating she felt "very constricted" and "pressured," but proceeded anyway. (*Id.* ¶¶17–18; ECF No. 28-1 at 17.) Corcoran explained that she did not have any problems seeing while walking, and that her glasses were on top of her head as she walked towards the garbage so that she could "see up close." (ECF No. 34 ¶¶22–24; ECF No. 28-1 at 19.) She did not see anything that would have prevented her from walking safely towards the garbage and watched where she was walking. (ECF No. 34 ¶¶27, 29.) Despite this, Corcoran alleges "something" caused her to trip and fall while she walked towards the garbage but concedes she does not know what exactly caused the fall. (*Id.* ¶¶30–31.) A video of the incident shows a cluttered warehouse and, more specifically, a small black oval object on the ground in front of Corcoran's walking path that moves slightly as she falls. (*See* ECF No. 29 at 0:04–08.)

After her fall, Corcoran sat on the ground and looked around for the object that caused her to trip but could not identify what it was. (ECF No. 34 ¶¶43–44.) She stood up and took pictures

---

[1] This background is derived from the parties' undisputed proposed findings of fact and responses. (ECF Nos. 32 & 34.) Best Buy has moved to strike Corcoran's responses, contending they do not comply with the Local Rules. (ECF Nos. 35 & 37.) Because Best Buy has not shown it was prejudiced by any noncompliance, the Court will deny the motion to strike. Indeed, Corcoran disputes only eight of Best Buy's fifty-nine proposed undisputed facts and, even as to those eight, the disputes concern competing characterizations of Corcoran's deposition testimony, not actual factual propositions. (*See* ECF No. 37.)

of the scene. (*Id.* ¶¶44–57.) Corcoran was injured due to her fall. (ECF No. 30-1 ¶20.) Corcoran tore the meniscus and ACL in her knee and suffered a hernia. (ECF No. 28-1 at 9–10.)

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). If the parties assert different views of the facts, the Court must view the record in the light most favorable to the nonmoving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

# ANALYSIS

Corcoran's complaint asserts two claims against Best Buy: (1) a violation of Wisconsin's Safe Place Statute, Wis. Stat. § 101.11; and (2) common law negligence. Best Buy has moved for summary judgment on both claims. As explained below, Corcoran has shown a genuine issue of material fact with respect to both claims, making summary judgment inappropriate.

I. **Best Buy Has Not Shown That It Is Entitled to Summary Judgment on Corcoran's Negligence Claim.**

Under Wisconsin law, a defendant is negligent if his conduct "foreseeably creates an unreasonable risk to others." *Hoida, Inc. v. M & I Midstate Bank*, 717 N.W.2d 17, 26 (Wis. 2006) (quoting *Morgan v. Pa. Gen. Ins. Co.*, 275 N.W.2d 660, 665 (Wis. 1979)). Specifically, a plaintiff establishes a negligence claim by showing that (1) the defendant had a duty of care, (2) the defendant breached that duty of care, (3) a causal connection between the breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the breach. *Id.* at 26–27 (citing *Gritzner v. Michael R.*, 611 N.W.2d 906, 912 (Wis. 2000)). Even if all four of these elements are satisfied, a court may still deny a negligence claim for a public policy reason. *Smaxwell v. Bayard*, 682 N.W.2d 923, 936 (Wis. 2004). And, in Wisconsin, every person owes a duty of care to the world at large to protect others from foreseeable harm. *Gulbrandsen v. H & D, Inc.*, 773 N.W.2d 506, 512 (Wis. Ct. App. 2009) (citing *Jankee v. Clark County*, 612 N.W.2d 297, 311 (Wis. 2000)).

Best Buy argues it is entitled to summary judgment on Corcoran's negligence claim because she has no proof of causation and instead relies on "mere speculation." (ECF No. 26 at 7.) It points to Corcoran's deposition testimony in which she admitted she could not "recall or identify what … caused her to fall," and contends this precludes her from proving her claim. (*Id.* at 8.) Best Buy supports this argument by citing an unpublished Seventh Circuit case, *Stack v. Menard, Inc.*, No. 21-1628, 2021 WL 5563951 (7th Cir. Nov. 29, 2021), which affirmed the grant of summary judgment against a plaintiff in a similar slip and fall case. Because Best Buy misunderstands the evidence required to show causation and *Stack* is distinguishable, Best Buy's request for dismissal of Corcoran's negligence claim will be denied.

In *Stack*, a customer tripped and fell over something while shopping at a home improvement store and later sued the store for her injuries. *Id.* at *1. The district court granted summary judgment in favor of the store—concluding there was no evidence of causation—and the Seventh Circuit affirmed. *Id.* In affirming, the Court of Appeals noted that the plaintiff had

admitted she did not know precisely what caused her fall and emphasized she had no evidence of any defect in the store that caused the fall. *Id.* at *1–2. The record was also devoid of witnesses or video that showed her fall. Instead, the plaintiff relied solely upon photos she took of the scene the day after the fall (which may or may not have been similar to the scene at the time of her fall). *Id.* at *1. She also tried to create an issue of fact by submitting an internally inconsistent affidavit that attributed the fall to defective flooring, but the district rejected the affidavit as speculative. *Id.* In the end, the Seventh Circuit agreed with the district court that summary judgment was appropriate. Its holding was based on established law that juries are prohibited from inferring causation from the mere fact of a fall and the lack of evidence on causation, which the court concluded would have improperly required the jury to speculate. *Id.* at *1–2.

Best Buy's attempt to liken Corcoran's situation to *Stack* ignores key differences between the cases. It is true that, like the plaintiff in *Stack*, Corcoran admitted she cannot identify what she "tripped over." (ECF No. 27 ¶32.) But that is not the end of the story. Corcoran maintains that even though she cannot identify the precise object that caused her fall, she knew she tripped over *something* and that she did not simply fall over. Indeed, a Best Buy employee undisputedly pushed objects aside in an (apparently unsuccessful) attempt to make a safe path for her. (ECF No. 34 ¶16.) And unlike the plaintiff in *Stack*, Corcoran offered first-hand testimony and video of a cluttered warehouse with multiple objects belonging to Best Buy impeding her path to the garbage bin. The contemporaneous video evidence also shows her fall and confirms the presence of numerous objects on the floor near or in her walking path and shows her trip over something. At 00:05–00:06 of the video, Corcoran falls, and a black object in the lower right corner of the screen moves. (*See* ECF No. 29.)

If all Corcoran had was her own testimony that she fell, Best Buy would be entitled to summary judgment, like the defendant in *Stack*. But the record here is not so limited. While Corcoran admits she does not know which specific item caused her to trip, she testified that she tripped over something. This testimony, coupled with corroborating evidence of the cluttered storeroom, is sufficient for a reasonable jury to find that Corcoran tripped over the miscellaneous black object on the ground. Unlike *Stack*, Corcoran's case is supported by a "first-hand observation[] made at the time of the fall from which a jury could reasonably infer" the fall's cause. *See Stack*, 2021 WL 5563951 at *2; *see also Koch v. Little Black Mut. Ins. Co.*, 877 N.W.2d 650, 2016 WL 483607, at *2 (Wis. Ct. App. Feb. 9, 2016) (unpublished table decision) (concluding

summary judgment evidence raised alternative reasonable inferences concerning plaintiff's fall on company sidewalk, reversing trial court's grant of summary judgment).

In sum, Corcoran has evidence from which a jury could find that she tripped over an object on a ground, as a result of Best Buy breaching its duty of care, causing her injury. Whether a jury agrees with her claim is a different matter. But, on this record, the Court cannot grant summary judgment in favor of Best Buy.

## II. There Is Likewise a Genuine Dispute of Material Fact Precluding Summary Judgment on Corcoran's Safe Place Claim.

Wisconsin's Safe Place Statute, Wis. Stat. § 101.11, imposes a higher, non-delegable duty on an employer or property owner to "repair or maintain" its premises in "as safe a condition as the nature of the premises reasonably permits" to ensure the safety of employees and members of the public who frequent the premises. *See McGuire v. Stein's Gift & Garden Ctr., Inc.*, 504 N.W.2d 385, 393 (Wis. Ct. App. 1993). Employees of an independent contractor working on the property qualify as "frequenters" under the statute. *Holder v. Fraser Shipyards, Inc.*, 288 F. Supp. 3d 911, 935 (W.D. Wis. 2018) (citing *Neitzke v. Kraft-Phenix Dairies, Inc.*, 253 N.W. 579 (Wis. 1934)). The statutory duty is greater than the duty of ordinary care and encompasses three different obligations on employers and owners of public buildings: (1) the duty to construct, (2) the duty to repair, and (3) the duty to maintain a safe place. *Lorbiecki v. Pabst Brewing Co.*, 8 N.W.3d 821, 829 (Wis. Ct. App. 2024) (citing *Mair v. Trollhaugen Ski Resort*, 715 N.W.2d 598, 605 (Wis. 2006); *Barry v. Emp'rs Mut. Cas. Co.*, 630 N.W.2d 517, 521 (Wis. 2001)).

Thus, to prevail on a safe place claim, Corcoran must show that (1) there was an unsafe condition on Best Buy's premises; (2) the unsafe condition caused her injury; and (3) Best Buy had either actual or constructive notice of the unsafe condition before Corcoran's injury. *See Correa v. Woodman's Food Mkt.*, 943 N.W.2d 535, 539 (Wis. 2020). An owner has constructive notice of a defect or unsafe condition when it has existed for "a long enough time for a reasonably vigilant owner to discover and repair it." *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 682 N.W.2d 857, 861 (Wis. 2004) (citing *May v. Skelley Oil Co.*, 264 N.W.2d 574, 577 (Wis. 1978)). The length of time depends on the facts of circumstances of each individual case, including the nature of the business and defect. *Id.* at 861–62. But when an unsafe condition, even if temporary or transitory, arises out of conduct that may be reasonably expected from the owner's method of operation, a much shorter period of time (and perhaps no time) constitutes constructive notice. *Id.* at 862 (citing *Strack v. Great Atl. & Pac. Tea Co.*, 150 N.W.2d 361, 363 (Wis. 1967)).

Best Buy argues it is entitled to summary judgment on this claim because the undisputed facts confirm it lacked actual or constructive notice of any defect. (ECF No. 26 at 12–16.) In its view, Best Buy could not have had actual knowledge of a defect because there is no evidence there was a defect in the first place and, even if there was, there is no evidence that Best Buy knew of any defect before Corcoran fell. (*Id.* at 12–13.) And Best Buy insists that the video footage does not establish the existence of any unsafe condition for a long enough period of time to give it constructive notice. (*Id.* at 15.) In response, Corcoran maintains that she relied on the employee's representation that he had cleared a safe path for her, which meant Best Buy had constructive notice of the unsafe conditions. (ECF No. 30 at 11.) She also argues that the unsafe conditions arose out of Best Buy's course or conduct in keeping an "object-filled warehouse." (*Id.* at 13.)

The Court again agrees with Corcoran that the record could support a finding in her favor, making summary judgment inappropriate. A jury could find that the storeroom's clutter created an unsafe condition, that she tripped over an object in the storeroom, as evidenced by the video, and that she was injured. *See Correa*, 943 N.W.2d at 539. Corcoran does not need to provide evidence of actual notice by the store owner. *See Gennrich v. Zurich Am. Ins. Co.*, 789 N.W.2d 106, 109 (Wis. Ct. App. 2010) (explaining that the safe place statute imposes higher duty on "employers" and "owners"). Constructive notice of the conditions will suffice under Wisconsin law. *Megal*, 682 N.W.2d at 861. The record contains evidence that a Best Buy employee was aware of the clutter and attempted, unsuccessfully, to clear a path for her. Furthermore, whether Best Buy had constructive knowledge of the condition is a "fact intensive question" which is typically left for the jury to resolve. *See Correa*, 943 N.W.2d at 539 (collecting cases). Taking all reasonable inferences in Corcoran's favor as the non-moving party, a jury could find in her favor.

Because a genuine dispute of material fact exists with respect to notice, the Court cannot grant Best Buy's motion for summary judgment on the safe place claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Best Buy's Motion for Summary Judgment, ECF No. 25, is **DENIED**.

**IT IS HEREBY ORDERED** that Best Buy's Motion to Strike Corcoran's responses, ECF No. 35, is **DENIED**.

Dated at Milwaukee, Wisconsin on August 21, 2024.

                                                                     s/ *Brett H. Ludwig*
                                                                     BRETT H. LUDWIG
                                                                     United States District Judge