UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA CORCORAN,

              Plaintiffs,

AMERISURE MUTUAL INSURANCE CO.

              Involuntary Plaintiff

              Case No. 23-cv-0387-bhl

  v.

BEST BUY CO INC and GREENWICH
INSURANCE COMPANY,

              Defendants.

## ORDER

      On March 1, 2023, Plaintiff Patricia Corcoran filed this suit against Defendants Best Buy Co., Inc. (Best Buy) and Greenwich Insurance Company (Greenwich) in Kenosha County Circuit Court, alleging she was injured while working as an independent contractor at a Best Buy store in Kenosha, Wisconsin. (ECF No. 1-2.) Corcoran asserted claims against Best Buy for a violation of the Wisconsin Safe Place Statute, Wis. Stat. § 101.11, and negligence. (*Id.*) She also asserted claims against Best Buy's insurer, Greenwich, under Wisconsin's Direct Action Statute, Wis. Stat. § 632.24, and named worker's compensation carrier, Amerisure Mutual Insurance Company, as an involuntary plaintiff. (*Id.*) Best Buy removed the case to this Court on March 24, 2023. (ECF No. 1.) On February 26, 2024, after completing discovery, Best Buy and Greenwich moved for summary judgment. (ECF No. 25.) Their motion was denied on August 21, 2024. (ECF No. 43.) Trial was set for October 7, 2024, (ECF No. 19), and the parties submitted motions in limine on September 12, 2024, (ECF Nos. 45 & 47.).

      Prior to trial, however, on September 24, 2024, Corcoran's Counsel notified the Court that the case had settled. (ECF No. 58.) In response, consistent with its standard practice, the Court ordered the parties to file a stipulation of dismissal or a joint status report regarding the settlement by November 23, 2024. (ECF No. 59.) Instead of complying with the Court's directive, on

November 21, 2024, Corcoran's counsel filed a "stipulation for resolution of worker's compensation lien," stating that the parties were agreeing "to deviate from the statutory formula under Wis. Stat. § 102.29" and describing how they planned to divvy up the settlement proceeds among Corcoran, her counsel, and the workers' compensation carrier, Amerisure Mutual. (ECF No. 60.) The parties also submitted a proposed order. (ECF No. 60-1.)

Because the November 21, 2024 stipulation did not comply with the Court's order, on November 26, 2024, the Court issued a second order, again directing the parties to file a stipulation of dismissal or a status report explaining their inability to file a stipulation of dismissal. (ECF No. 61.) In response, on December 3, 2024, Corcoran's counsel submitted a letter, confirming that the case has indeed settled and that all settlement funds have been provided. (ECF No. 62.) The letter nevertheless insists that the Court sign an order approving the parties' agreed-upon distribution of the settlement proceeds because that is what the worker's compensation carrier "require[s]." (*Id.*)

The parties' failure to comply with the Court's order is frustrating. It is not the role of counsel or Amerisure to dictate or "require" this Court to enter an order based on the professed needs of an insurance company. Although Counsel directs the Court to approve the stipulation, he does not explain what legal standard the Court should apply in granting its approval. Counsel also fails to explain how the Court could order such an approval consistent with its limited jurisdiction, which precludes entry of rulings in the absence of an actual case or controversy. *See* U.S. Const. art. III, § 2, cl. 1. As the Supreme Court has explained, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and [federal] statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Because the parties are in agreement with the proposed distribution of the settlement funds, any order this Court might issue approving that resolution would likely be an improper advisory opinion.

Notwithstanding Counsel's failure to comply with the Court's instructions, the Court can confirm that it has no objection to the parties' settlement. The Court further notes that it has been presented with no legal basis on which the allocation could be questioned.

**Accordingly,**

Given the parties' stipulation, and Counsel's representation that a settlement has been reached and all funds distributed, **IT IS HEREBY ORDERED** that the case is **DISMISSED** pursuant to Fed R. Civ. P. 41(a).

**IT IS FURTHER ORDERED** that the pending motions in limine, ECF Nos. 45 & 47, are **DENIED as moot**.

Dated at Milwaukee, Wisconsin on December 6, 2024.

                                                      s/ *Brett H. Ludwig*
                                                      BRETT H. LUDWIG
                                                      United States District Judge